Lewis M. Francis (#6545)
Lesley A. Manley (#13074)
JONES WALDO HOLBROOK & McDONOUGH, PC
170 South Main Street, Suite 1500
Salt Lake City, Utah 84101
Telephone: (801) 521-3200
Fax:        (801) 328-0537
Email: lfrancis@joneswaldo.com
          lmanley@joneswaldo.com
*Attorneys for Plaintiff*

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UTAH LIFE REAL ESTATE GROUP, LLC, a Utah limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> U.S. CITIZENSHIP AND IMMIGRATION SERVICES (California Service Center); LEON RODRIGUEZ, in his official capacity as Director of the U.S. Citizenship and Immigration Services; and DEPARTMENT OF HOMELAND SECURITY, an agency of the United States, <br><br> Defendants. | COMPLAINT <br><br> Case No.: 1:16-cv-00121-BCW <br><br> District Judge: <br><br> Magistrate Judge:  Brooke C. Wells |

Plaintiff Utah Life Real Estate Group, LLC, ("Plaintiff") by and through its attorneys of record complain of Defendants U.S. Citizenship and Immigration Services (California Service Center); Leon Rodriguez, in his official capacity as Director of the U.S. Citizenship and Immigration Services, and the United States Department of Homeland Security, and petition the Court for review as follows:

**INTRODUCTION**

1.      This is an action brought pursuant to section 10(b) of the Administrative Procedures Act, 5 U.S.C. § 702, *et seq.*, seeking review of the U.S. Citizenship & Immigration Services ("USCIS") decision dated July 29, 2016, denying Plaintiff's petition to classify Ms. Amber May Sheldon ("Ms. Sheldon" or "Beneficiary") as an H-1B nonimmigrant under section 101(a)(15)(H)(i)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(H)(i)(B).

**JURISDICTION**

2.      This is a civil action against the United States arising under the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq., and the Administrative Procedures Act, 5 U.S.C. § 701, et seq., both laws of the United States.

3.      Original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331, as well as 28 U.S.C. § 1346(a)(2).

4.      Pursuant to 28 U.S.C. § 1391(e), venue is proper in the District of Utah. Plaintiff's business is headquartered in Layton, Utah and the position that is the subject of this action is located in Layton, Utah.

**PARTIES**

5.      The Defendant United States Citizenship & Immigration Services ("USCIS"), is an agency of the United States Department of Homeland Security, with its principle office in the District of Columbia.

6.      The actions taken by the Defendant which are the challenged in this action were taken by the USCIS California Service Center, in Laguna Niguel, California.

7. The California Service Center is the designated USCIS office authorized to receive and adjudicate H-1B petitions filed by employers in the State of Utah.

8. The Plaintiff, Utah Life Real Estate Group, is a Utah limited liability company, formed in or about 2015, with its principal office located at 1572 N. Woodland Park Drive, Suite 505, Layton, Utah 84041.

9. Plaintiff is a business which provides comprehensive real property brokerage services.

10. Plaintiff has three (3) employees and a gross annual income of $600,000.

11. The beneficiary of the petition filed by Utah Life Real Estate Group is Ms. Amber May Sheldon.

12. Ms. Sheldon is a citizen of the United Kingdom.

## EXHAUSTION OF REMEDIES

13. Although 8 C.F.R. § 214.2(h)(10(ii) provides that denial of a petition for classification under section 101(a)(15)(H) of the Immigration and Nationality Act may be appealed to the Administrative Appeals Office under 8 C.F.R. part 103, neither this Act nor the governing regulations provide that such an appeal is a prerequisite for judicial review. Accordingly, taking such an appeal is not a prerequisite to Plaintiff's action for review under section 10b of the Administrative Procedures Act.[1]

---

[1] *Darby v. Cisneros,* 113 S.Ct. 2539, 2542-45, 509 U.S. 137, 154 (1993)("[W]here the APA applies, an appeal to 'superior agency authority' is a prerequisite to judicial review *only* when expressly required by statute or when an agency rule requires appeal before review and the administrative action is made inoperative pending that review.*")*; *see also Karen Yuen Fong Young v. Reno, 114* F.3d 879, 881-882 (9th Cir. 1997)(recognizing an exception to the exhaustion of remedies doctrine "where an appeal within the agency is futile.").

1243950.1

**ISSUES PRESENTED**

14.     Plaintiff's complaint raises the following issues to be decided by this Court:

      a.     Does the offered position of a Marketing Analyst qualify as a "specialty occupation" pursuant to 8 U.S.C. § 1101(a)(15)(H)(i)(B)?

      b.     Was the USCIS's decision denying the beneficiary's H-1B visa petition arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law pursuant to 5 U.S.C. § 706(2)(A)?

**PROCEDURAL BACKGROUND**

15.     On March 31, 2016, Plaintiff filed a Form I-129 Petition for a Nonimmigrant Worker, with the USCIS California Service Center seeking to classify Beneficiary as a nonimmigrant special occupation worker under Section 101(a)(15(H)(i)(b) of the Immigration and Nationality Act ("INA").[2]

16.     USCIS responded by issuing a Request for Evidence on May 24, 2016.[3]

17.     On July 14, 2016, Plaintiff filed its Response to the Request for Evidence.[4]

18.     On July 29, 2016, the USCIS arbitrarily denied Plaintiff's petition.[5]

19.     The USCIS's denial misapplied the legal standard for the approval of a skilled worker petition, and ignored submitted evidence.

20.     An appeal of the USCIS decision to the AAO would take considerable time to decide, and would likely be futile.  Therefore, the goal of this federal court appeal is to expedite

---

[2]  *See* I-129 Petition, attached hereto as Ex. 1.
[3]  *See* Request for Evidence, attached hereto as Ex. 2.
[4]  *See* Response to Request for Evidence, attached hereto as Ex. 3.
[5]  *See* USCIS Decision, attached hereto as Ex. 4.

the process, obtain judicial review of the issues, and allow Plaintiff to hire the Ms. Shelton to fill its Marketing Analyst position.

## **FACTUAL BACKGROUND**

21.     Ms. Sheldon is 25 years old, and has a Master's Degree in Business Management from the prestigious Heriot-Watt University in the United Kingdom, where she graduated with the highest award of "Honours of the First Class", in June 2013.[6]

22.     As part of completing her Master's Degree, Ms. Sheldon completed numerous courses in marketing.[7]

23.     Ms. Sheldon's Masters Degree has been evaluated by Global Education Group, Inc. as the U.S. equivalent of a Master's Degree in Business Administration ("MBA"), with a concentration in Marketing.[8]

24.     Plaintiff seeks to employ Ms. Sheldon as a Marketing Analyst to "develop, research, and implement marketing,"[9] and to also "be in charge of the Company's total brand management."[10]

25.     The specific job duties and percentage breakdown of the Marketing Analyst position were detailed in Plaintiff's response to USCIS's Request for Evidence as follows[11]:

      a.     Build, implement and manage all Lead Generation Systems for potential Seller and Buyer real estate leads, including current database marketing, internet lead generation (Websites, SEO, PPC, Social Media), video and other direct marketing channels, to engage with existing and potential clients. (15%)

---

[6] *See* I-129 Pet. at Ex. C.
[7] *See* Resp. to Req. for Evid. at p. 3, & Ex. E (transcript).
[8] *See id.*, at Ex. F (U.S. Equivalency Evaluation).
[9] I-129 Pet., at p. 14.
[10] *See* I-129 Pet., at Ex. B.
[11] Resp. to Req. for Evid. at Ex. D (Letter and exhibits submitted By Plaintiff in Response to RFE).

b.  Enhance the Utah Life Websites with appropriate campaigns to drive traffic through CRO, SEO, link building and PPC. (12%)
c.  In charge of total Company Brand Management; including research, shape and deliver marketing strategy across all Utah Life brands in line with overall business strategy and objective. (12%)
d.  Manage and build phone sales for Lead Generation and Lead Servicing. (5%)
e.  Create Lead Generation Systems to expand the company outside of the state of Utah. (5%)
f.  Run marketing campaigns, including liaising with internal teams, briefing suppliers and other relevant third parties, and update and report on progress (13%)
g.  Implement and maintain appropriate Social Media channels. (10%)
h.  Manage and deliver internal communication strategy. (2%)
i.  Plan and manage marketing resources and budgets. (2%)
j.  Research and analyze marketing campaigns to develop quality leads and inbound inquiries within target markets. (5%)
k.  Write copy in line with brand personality. (2%)
l.  Complete all relevant reporting and planning systems. (7%)
m.  Develop Utah Life offering in line with market requirements, researching the developing needs of existing and potential clients. (5%)
n.  Work with the realtor team to deliver services, providing support with relevant marketing campaigns and collateral. (5%)

26.     The duties and the position identified by Plaintiff normally require a bachelor's degree in a related field as the minimum requirements for the occupation of Marketing Analyst.

27.     Plaintiff also identified its own requirements as "High School Graduate plus Bachelor's Degree; preferably in Business and or Marketing."[12]

28.     Both Plaintiff and the USCIS agree that the most applicable job category for the Marketing Analyst position is a "market research analyst", as defined in the U.S. Department of Labor's Occupational Outlook Handbook ("OOH").

29.     The OOH is generally relied upon by the USCIS and immigration practitioners to reference normal requirements for general occupation types. In fact as stated in its decision, the

---

[12] *See* Resp. to Req. for Evid.

USCIS recognizes the OOH "as an authoritative source on the duties and educational requirements" for the occupations it addresses.

30.     The OOH identifies the following minimum requirements for entry into this kind of occupation: "Market research analysts typically need a bachelor's degree in market research or a related field.  Many have degrees in fields such as statistics, math, and computer science.  Others have backgrounds in business administration, the social sciences, or communications."[13]

## CAUSE OF ACTION

31.     The USCIS decision on Plaintiff's petition for an H-1B nonimmigrant worker must be based upon the statutory and regulatory definitions of specialty occupation. 8 C.F.R. 214.2(h)(4)(ii) defines "specialty occupation" as follows:

> …an occupation which requires theoretical and practical application of a body of highly specialized knowledge in fields of human endeavor including, but not limited to, architecture, engineering, mathematics, physical sciences, social sciences, medicine and health, education, **business specialties**, accounting, law, theology, and the arts, and which requires the attainment of a bachelor's degree or higher in a specific specialty, **or its equivalent**, as a minimum entry into the occupation in the United States.[14]

32.     The applicable regulation further defines the nature of proof required of a petitioner that the position offered has met the requirement of a specialty occupation.  The regulation provides:

> (A)     Standards for specialty occupation position.   To qualify as a specialty occupation, the position must meet **one** of the following criteria:

>> (1) **A baccalaureate degree or higher degree or its equivalent is normally the minimum requirement for entry into the particular position;**

---

[13]  Resp. to Req. for Evid. at Ex. A.
[14]  *See* USCIS Decision, at p. 2 (emphasis added).

(2) The degree requirement is common to the industry in parallel positions among similar organizations or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree;

(3) The employer normally requires a degree or its equivalent for the position; **or**

(4) **The nature of the specific duties are so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree.**[15]

33.     Plaintiff met its burden of proof to demonstrate that its Marketing Analyst position is a "specialty occupation" and that Ms. Sheldon has the necessary qualifications, based on the information set forth in the Petition and supporting evidence filed with the USCIS.[16]

34.     However, in denying Plaintiff's petition, the USCIS reasoned as follows:

You assert that position requires "a Bachelor's degree in a directly related field such as Business or Marketing. Although you may require a bachelor's degree for the proffered position, it is evidence that you do not require that the degree be in a specific specialty. This fact alone indicates that the proffered position may not meet the statutory and regulatory definition of specialty occupation.

Business is a general term, including both professional and nonprofessional activities. A degree in business alone is insufficient to qualify the older as member of the professions or of a specialty occupation. **A degree in business may be sufficient, if the academic course pursued and the knowledge gained are realistic prerequisites to a particular occupation within the broad field of business and that person is engaged, or intends to engage, in that occupation.**

...

It must also be demonstrated that there exists **a nexus between the nature of the beneficiary's degree (or equivalent) and the position duties proposed by you.**[17]

---

[15] 8 C.F.R. § 214.2(h)(4)(iii), USCIS Decision, at p. 3 (emphasis added).

[16] *See* Pet. and Resp. to Req. for Evid.

[17] USCIS Decision, at p. 4 (emphasis added).

1243950.1

35.     Consequently, the USCIS Decision acknowledged that a degree in business may be sufficient for the Marketing Analyst position, if the courses taken and knowledge obtained are realistic prerequisites to the particular occupation.

36.     The USCIS Decision also states that the OOH describes the training and other qualifications required for a market research analyst as follows:

> Market research analysts typically need a bachelor's degree in market research or a related field. Many have degrees in field such as statistics, math, and computer sciences. Others have backgrounds in **business administration**, the social sciences or communications.[18]

37.     Ms. Sheldon has the U.S. equivalent of a Master's Degree in Business Administration ("MBA"), with a concentration in marketing.

38.     Ms. Sheldon's transcripts also demonstrate she has completed many courses in marketing as part of obtaining her MBA.

39.     Ms. Sheldon's degree and coursework demonstrate "the knowledge gained are realistic prerequisites" for the Marketing Analyst position.

40.     Ms. Sheldon has more than just a Bachelors Degree in the specialty area—she has a Masters Degree with a concentration in the specialty area. Consequently, she has more than the minimum qualifications for the Marketing Analyst position.

41.     In addition, presented detailed evidence showing that the nature of the specific duties are so specialized and complex that knowledge required to perform them in usually associated with the attainment of at least a baccalaureate degree.

---

[18] USCIS Decision, at p. 5.

1243950.1

42.     However, the USCIS denied the application even though Plaintiff demonstrated the nexus between the MBA degree obtained by Ms. Sheldon, and the Marketing Analyst position she was offered by Plaintiff.

43.     The USCIS's review of the petition ignored record evidence supporting its approval, in favor of reliance upon evidence that does not exist in record (or even outside the record).

44.     The basis for the USCIS's decision, that requiring or accepting something other than just a Bachelors Degree in Marketing means that the position is not a "specialty occupation," is contrary to law.

45.     The USCIS's decision was arbitrary, capricious, and not according to the law as set forth above.

46.     Very similar USCIS decisions have been recently reversed by U.S. District Courts in the cases of *Raj and Co. v. U.S. Citizenship and Immigration Services*,[19] and *Residential Finance Corp. v. USCIS*.[20]

---

[19] 85 F.Supp.3d 124, 1247-48 (W.D. Wa. 2015) (holding that market research analyst is an H-1B "specialty occupation," and rejecting USCIS's "impermissibly narrow" interpretation of the relevant statute, based on the OOH's indication that more than one type of Bachelor's Degree could qualify for the position).

[20] 839 F.Supp.2d 985, 996-997 (S.D. Ohio 2012) (reversing USCIS decision that because OOH description for "market research analyst" does not require a specific degree, it does not qualify as a "specialty occupation." The Court reasoned that a market research analyst "is a distinct occupation with specialized course of study that includes multiple specialized fields", and that "[d]iplomas rarely come bearing occupation specific majors". According to the court, "[w]hat is required is an occupation that required highly-specialized knowledge and a prospective employee who has attained the credentialing indicated possession of that knowledge").

1243950.1

**PRAYER FOR RELIEF**

WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that this Court vacate the decision of the USCIS dated July 29, 2016, denying Plaintiff's petition to classify Ms. Amber May Sheldon as an H-1B nonimmigrant under section 101(a)(15)(H)(i)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(H)(i)(b), on the grounds that the USCIS denial is arbitrary, capricious, and not in accordance with the law; order USCIS to grant the petition; award Plaintiff reasonable attorney's fees pursuant to the Equal Justice Act, 28 U.S.C. § 2412(d) & 5 U.S.C. § 504 et seq., and grant such other relief as justice may require.

DATED this 31st day of August, 2016.

JONES WALDO HOLBROOK & McDONOUGH, P.C.

By:   /s/  Lewis M. Francis
           Lewis M. Francis
           Lesley A. Manley
           *Attorneys for Plaintiff*

1243950.1

### List of Exhibits

1. **Exhibit 1:** Plaintiff's Petition for H-1B Nonimmigrant Visa on Form I-129 with supporting documentation.

2. **Exhibit 2:** USCIS Request for Evidence issued May 24, 2016.

3. **Exhibit 3:** Plaintiff's Response to Request for Evidence dated July 14, 2016.

4. **Exhibit 4:** USCIS Decision Denying Plaintiff's H-1B Petition dated July 29, 2016.

1243950.1