# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UTAH LIFE REAL ESTATE GROUP, LLC,<br><br>Plaintiff,<br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (California Service Center); LEON RODRIGUEZ, in his official capacity as Director of the United States Citizenship and Immigration Services; and DEPARTMENT OF HOMELAND SECURITY, an agency of the United States,<br><br>Defendants, | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS**<br><br>Case No. 1:16-cv-00121-JNP-EJF<br><br>District Judge Jill N. Parrish |

This case arises from defendant United States Citizenship and Immigration Services' (Immigration Services) initial denial of plaintiff Utah Life Real Estate Group, LLC's H-1B petition seeking to classify Amber Sheldon as an H-1B nonimmigrant. Utah Life filed a lawsuit in this court seeking review of this denial. After the lawsuit was filed, Immigration Services administratively reopened the H-1B petition and requested additional information. Immigration Services then filed a motion to dismiss for lack of subject matter jurisdiction, [Docket 20], arguing that the initial denial of the H-1B visa no longer stood as the final agency action on the H-1B petition. The court GRANTS Immigration Services' motion to dismiss.

## BACKGROUND

The H-1B visa program allows employers to temporarily employ foreign nonimmigrant workers in specialty occupations. *See* 8 U.S.C. § 1101(a)(15)(H)(i)(b). Employers voluntarily participate in this program by completing a two-step process. An employer must first submit a Labor Condition Application (LCA) to the Department of Labor. 8 U.S.C. § 1182(n)(1). In the

LCA, the employer is required to state the specialty occupation, the applicable experience level of the position, the prevailing wage rate of the position in the area of employment, and a commitment to comply with the program requirements. *Id.* The Department of Labor reviews a LCA only for "completeness and obvious inaccuracies." *Id.* Unless the Department of Labor finds that the LCA is "incomplete or obviously inaccurate," Department of Labor is required to certify the LCA within seven days of receipt. *Id.* After submitting the certified LCA, Immigration Services determines "whether the petition is supported by an LCA which corresponds with the petition, whether the occupation named in the labor condition application is a specialty occupation, . . . and whether the qualifications of the nonimmigrant meet the statutory requirements for H–1B visa classification." 20 C.F.R. § 655.705(b).

Utah Life filed a Form I-129 Petition for a Nonimmigrant Worker with Immigration Services seeking to classify Ms. Sheldon as a nonimmigrant special occupation worker. [Docket 2, pp 8–9]. Utah Life sought to employ Ms. Sheldon as a marketing analyst, which Utah Life asserts is a "specialty occupation" as defined by 8 C.F.R. § 214.2(h)(4)(ii).

After receiving Utah Life's application and supporting materials, Immigration Services issued a Request for Additional Evidence (RFE). The RFE requested evidence demonstrating that Ms. Sheldon had the necessary educational qualifications and that the offered position was a "specialty occupation." [Docket 2-3]. Utah Life submitted additional materials in response to the RFE. [Docket 2-4]. Two weeks later, on July 29, 2016, Immigration Services denied Utah Life's petition, finding that a marketing analyst did not qualify as a specialty occupation. [Docket 2-5].

Shortly thereafter, Utah Life brought suit seeking judicial review of the denial, alleging that it was arbitrary and capricious and not in accordance with the law. [Docket 2]. After the lawsuit was filed, Immigration Services reopened Utah Life's H1-B petition for Ms. Sheldon and

issued a new RFE. Immigration Services offered a stipulated stay of this litigation so that the reopened proceedings before it could proceed and a new final determination could be reached, but Utah Life refused. Immigration Services then brought the present motion to dismiss for lack of subject matter jurisdiction. After this motion was fully briefed, Immigration Services issued a new determination denying Utah Life's petition, in part because Utah Life did not respond to the second RFE.

## ANALYSIS

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As a result, it is presumed that a claim falls outside the jurisdiction of the court "and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*

Under the Administrative Procedure Act (APA), district courts have the authority to review agency action only when one of two conditions is met. The agency action must either be "made reviewable by statute;" or "a final agency action for which there is no other adequate remedy in court." 5 U.S.C. § 704. An agency action is determined to be final when two conditions are met: (1) "the action must mark the 'consummation' of the agency's decision making process" and (2) "the action must be one by which 'rights or obligations have been determined,'" or from which "legal consequences flow." *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (citations omitted). Dismissal for lack of subject matter jurisdiction is proper when the challenged agency action is not final. *See Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1295–96 (10th Cir. 2003).

There is no dispute that the July 29, 2016 denial of Utah Life's H-1B visa application was a final agency action under the APA and that this court had subject matter jurisdiction when the lawsuit was filed. The question before the court is whether Immigration Services' subsequent

3

decision to reopen the application and request additional information transformed the July 29, 2016 denial into a nonfinal agency action under the APA, depriving this court of subject matter jurisdiction over the case.

Two district courts in the Ninth Circuit have addressed this precise question. In both *Net-Inspect, LLC v. United States Citizenship & Immigration Services*, No. C14-1514JLR, 2015 WL 880956, at *1 (W.D. Wash. Mar. 2, 2015) and *True Capital Management, LLC v. United States Department of Homeland Security*, No. 13–261 JSC, 2013 WL 3157904, at *1 (N.D.Cal. June 20, 2013), Immigration Services denied an H-1B visa application, the applicant filed an action in the district court seeking review of the denial, and Immigration Services then *sua sponte* reopened the application to seek additional information. These courts concluded that Immigration Services' decision to reopen the application rendered the initial denial nonfinal and deprived the court of jurisdiction to review the denial. *Net-Inspect*, 2015 WL 880956, at *4–*5; *True Capital*, 2013 WL 3157904, at *3. *Net-Inspect* noted the regulations governing an H-1B visa application do not prohibit Immigration Services from reopening an application after a legal proceeding for review has commenced. *Net-Inspect*, 2015 WL 880956, at *5; *see* 8 C.F.R. § 103.5(a)(5) (permitting Immigration Services to reopen a decision on its own motion). That court further reasoned that once an administrative agency decides to reopen a decision and conduct further proceedings, the previous denial is no longer "the agency's 'last word on the matter,'" and therefore not final or reviewable under the APA. *Net-Inspect*, 2015 WL 880956, at *4 (citation omitted); *see also Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 478 (2001) ("Only if the 'EPA has rendered its last word on the matter' in question, is its action 'final' and thus reviewable." (citation omitted)).

A Seventh Circuit opinion authored by Judge Easterbrook supports this outcome. In *Gao v. Gonzales*, 464 F.3d 728, 729 (7th Cir. 2006), the Board of Immigration Appeals (BIA) dismissed an appeal, and the petitioner sought review of the dismissal in the circuit court of appeals. While the appeal was pending, the BIA reopened the proceedings before it on its own motion. *Id.* The government then filed a motion to dismiss the appeal pending in the Seventh Circuit for want of jurisdiction because there was no longer a final order of removal to be reviewed. *Id.*; *see* 8 U.S.C. § 1252(a)(1) (permitting "[j]udicial review of a final order of removal."). *Gao* concluded that the resolution of this jurisdictional challenge turned on whether the BIA had the authority to reopen the proceedings after the petition for review had been filed in the circuit court of appeals. The court noted that "[n]ormally a petition for judicial review, like an appeal from a judgment of a district court, transfers authority over the case." *Id.* "The approach that governs appeals within the judicial system does not, however, apply" to a petition for review from an agency decision. *Id.* Because the BIA "did not need judicial permission to reopen a proceeding," the circuit court of appeals lost jurisdiction over the case when the BIA *sua sponte* revived the proceedings before it. *Id.* at 730.

A subsequent Seventh Circuit opinion held that a district court retained jurisdiction when the Department of Health and Human Services reopened administrative proceedings after judicial review of an administrative decision had begun. *Doctors Nursing & Rehab. Ctr. v. Sebelius*, 613 F.3d 672, 680 (7th Cir. 2010). But this opinion was based on a federal statute that regulates lawsuits seeking review of administrative decisions made by the Commissioner of Social Security. *Id.* This statute provides that a court reviewing a decision of the Commissioner "may, on motion of the Commissioner of Social Security made for good cause shown . . . remand the case to the Commissioner of Social Security for further action." 42 U.S.C. § 405(g). Thus,

Congress has provided a specific procedure the Commissioner must follow in order to reopen a proceeding after a lawsuit seeking review has been filed in the district court. If this procedure is not followed, the Commissioner does not have the authority to reopen the proceedings, and any attempt to do so cannot divest the district court of jurisdiction. *Doctors Nursing & Rehab. Ctr.*, 613 F.3d at 677, 680.

The core reasoning of *Doctors Nursing & Rehabilitation Center* is confined to Social Security appeals regulated by Section 405(g). Congress has not made a similar law that forbids Immigration Services from reopening proceedings after a lawsuit for judicial review has commenced. Therefore the essential holding of *Doctors Nursing & Rehabilitation Center* does not apply here.

*Doctors Nursing & Rehabilitation Center* noted two other considerations that supported its holding. But this court does not find either of these ancillary reasons to be persuasive.

First the Seventh Circuit noted that courts must analyze diversity jurisdiction based upon the facts that existed when the lawsuit was filed and that subsequent events will not disturb a court's jurisdiction. *Doctors Nursing & Rehab. Ctr.*, 613 F.3d at 677; *accord Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004) ("[A]ll challenges to subject-matter jurisdiction premised upon diversity of citizenship [are measured] against the state of facts that existed at the time of filing . . . ."). The court reasoned that a similar approach should be should be taken when determining whether the finality requirement of the APA has been satisfied. But this rule regarding diversity jurisdiction does not apply to the finality of an administrative decision. For example, when a party files an action in the district court seeking review of Immigration Services' denial of an application for adjustment of status, the subsequent initiation of removal proceedings renders the prior determination nonfinal and deprives the court of jurisdiction.

*Cabaccang v. U.S. Citizenship & Immigration Servs.*, 627 F.3d 1313, 1315, 1317 (9th Cir. 2010) ("[W]e join our sister circuits in holding that district courts lack jurisdiction to review denials of status adjustment if removal proceedings are simultaneously pending.").

Second, *Doctors Nursing & Rehabilitation Center* observed that "[o]rdinarily, when one tribunal properly takes a case on appeal, the inferior tribunal transfers authority over the case." 613 F.3d at 677; *see also Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). However, this rule regarding appellate review by a superior court of an inferior court does not apply to the review of an agency decision promulgated by a separate branch of government. *See Gao*, 464 F.3d at 729. Because Immigration Services is not an inferior judicial court or tribunal, but rather a member of the executive branch, this court has only the authority over it granted by Congress. This congressional grant of authority includes the power to review a "final agency action." 5 U.S.C. § 704. But unlike appeals from determinations made by the Commissioner of Social Security, *see* 42 U.S.C. § 405(g), Congress has not prohibited Immigration Services from reopening a determination after judicial review has commenced. This court may not use a judicially created doctrine governing the transfer of jurisdiction between courts to assert control over Immigration Services and prohibit it from reopening consideration of an H-1B petition.

Utah Life cites a recent case, *Otero v. Johnson*, No. CIV 16-090-TUC-CKJ, 2016 WL 6476292 (D. Ariz. Nov. 2, 2016), for the proposition that Immigration Services may not reopen a decision after a lawsuit has been filed. *Otero* is not persuasive. That case relied upon *Goede v. Colvin*, CV-09-01777-SMS, 2013 WL 1731070, *1 (E.D. Cal. 2013) and *Doctors Nursing &*

7

*Rehabilitation Center*, 613 F.3d 672 for its conclusion that immigration services may not "divest the federal courts of jurisdiction by unilaterally reopening its administrative proceedings." *Otero*, 2016 WL 6476292, at *5 (quoting *Goede*, 2013 WL 1731070, at *1). However, both *Goede* and *Doctors Nursing & Rehabilitation Center* are Social Security appeals that turn upon Section 405(g), which, as noted above, does not apply to lawsuits reviewing an administrative determination made by Immigration Services.[1]

Utah Life also cites the exhaustion of administrative remedies doctrine and argues that this case fits within the futility exception to the exhaustion requirement because it cannot provide a satisfactory response to Immigration Services' second RFE. This argument misses the mark. The Supreme Court has recognized that "the judicial doctrine of exhaustion of administrative remedies is conceptually distinct from the doctrine of finality." *Darby v. Cisneros*, 509 U.S. 137, 144 (1993); *accord Gilmore v. Weatherford*, 694 F.3d 1160, 1169 (10th Cir. 2012). While "[t]he finality requirement is concerned with whether the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury; the exhaustion requirement generally refers to administrative and judicial procedures by which an injured party may seek review of an adverse decision and obtain a remedy if the decision is found to be unlawful or otherwise inappropriate." *Darby*, 509 U.S. at 144 (citation omitted). The question here is whether this lawsuit seeks review of a final administrative decision within the meaning of Section 704 of the APA, not whether the exhaustion doctrine has been satisfied. Thus, the futility exception to the exhaustion doctrine is irrelevant to the finality issue before the court. *See True Capital*, 2013

---

[1] Indeed, the sentence that *Otero* quotes in part from *Goede*, reads in full: "[W]hen a suit is filed under § 405(g), the agency may not divest the federal courts of jurisdiction by unilaterally reopening its administrative proceedings." *Goede*, 2013 WL 1731070, at *1(alteration in original) (quoting *Doctors Nursing & Rehab. Ctr.*, 613 F.3d at 677).

WL 3157904, at *3 (rejecting an exhaustion argument under *Darby* as irrelevant to the issue of finality).

Finally, Utah Life suggested at oral argument that if the court determined that it lacked subject matter jurisdiction over its complaint, the court should not dismiss the case. Instead, Utah Life suggests that it should be given an opportunity to amend its complaint to challenge the new determination denying the H-1B application. But once a court determines that it lacks subject matter jurisdiction, its only duty is to dismiss the case. *See Anderson v. Alpine City*, 804 F. Supp. 269, 272 (D. Utah 1992) ("Whenever it appears that subject matter jurisdiction is lacking, the court is duty bound to dismiss the action."). The court may not hold open a case when it has no jurisdiction over the case.

## CONCLUSION

The court concludes that neither the regulations governing the review of an H-1B petition nor any statute prohibits Immigration Services from reopening consideration of a petition after a lawsuit seeking review of a denial of the petition has been filed. Nor may this court employ judicial principles regarding the transfer of jurisdiction from an inferior court to a reviewing court to prevent Immigration Services from reopening the petition. Thus, Immigration Services had the authority to reopen the proceedings after this case was filed. Once it did so, the July 29, 2016 denial of Utah Life's petition was no longer a "final agency action" under 5 U.S.C. § 704, and this court lost jurisdiction over the case.

Therefore, Immigration Services' motion to dismiss for lack of jurisdiction under Rule 12(b)(1), [Docket 20], is GRANTED.

DATED May 3, 2017.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge